

February 27, 2015

Mr. Michael Williams                          Opinion No. KP-0005
Commissioner of Education
Texas Education Agency                         Re: Construction of section 45.0532 of the Education
1701 North Congress Avenue                     Code regarding the limitation on the guarantee
Austin, Texas 78701-1494                       of charter district bonds (RQ-1223-GA)

Dear Commissioner Williams:

You ask whether section 45.0532 of the Texas Education Code should be construed as a limit on each separate issuance of charter district bond guarantees or as a maximum limit on the cumulative amount of guaranteed charter district bonds.[1] Article VII, section 5(d) of the Texas Constitution authorizes the Legislature to provide for the use of the state "permanent school fund to guarantee bonds issued by school districts or by the state for the purpose of making loans to or purchasing the bonds of school districts for the purpose of acquisition, construction, or improvement of instructional facilities" and furnishings. TEX. CONST. art. VII, § 5(d). To implement this constitutional provision, the Legislature created the Bond Guarantee Program ("BGP") in chapter 45, subchapter C of the Education Code. See TEX. EDUC. CODE ANN. §§ 45.051–.063 (West 2012 & Supp. 2014). The BGP is administered by the commissioner of education and the Texas Education Agency ("TEA") pursuant to rules promulgated by the State Board of Education ("SBOE"). Id. § 45.063 (West 2012); 19 TEX. ADMIN. CODE §§ 33.65(a), .67(b) (2014).

Section 45.053 of the Texas Education Code limits the "total amount of outstanding guaranteed bonds" that the commissioner of education may approve, establishing a maximum of two-and-a-half to as much as five times "the cost value of the permanent school fund." TEX. EDUC. CODE ANN. § 45.053(a), (d) (West 2012). The state auditor is required to certify annually whether the amount of bonds guaranteed by the BGP is within this limit. Id. § 45.053(b).

In 2011, the BGP—previously available only to school district bonds—was extended to bonds issued by open enrollment charter schools that qualify as a charter district. Act of June 28, 2011, 82nd Leg., 1st C.S., ch. 4, §§ 59.01–.21, 2011 Tex. Gen. Laws 5254, 5319–23 (the "Act").

---

[1]See Letter from Mr. Michael Williams, Comm'r of Educ., Tex. Educ. Agency, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Sept. 16, 2014), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

Section 45.0532 of the Texas Education Code contains a further limitation on guarantees available for charter district bonds:

> In addition to the general limitation under Section 45.053, the commissioner may not approve charter district bonds for guarantee under this subchapter *in a total amount* that exceeds the percentage of the total available capacity of the guaranteed bond program that is equal to the percentage of the number of students enrolled in open-enrollment charter schools in this state compared to the total number of students enrolled in all public schools in this state, as determined by the commissioner.

TEX. EDUC. CODE ANN. § 45.0532(a) (West Supp. 2014) (emphasis added). The statute further explains that for purposes of subsection (a), "the total available capacity of the guaranteed bond program is the limit established by the board under Sections 45.053(d) . . . minus the total amount of outstanding guaranteed bonds." *Id.* § 45.0532(b).

You inform us that pursuant to SBOE rules, the TEA receives BGP applications and recalculates the BGP capacity monthly. Request Letter at 2; 19 TEX. ADMIN. CODE §§ 33.65(a), (e)(1), (f)(2)(A); .67 (2014). You state that two different methodologies have been proposed to ascertain the limit on charter district bond guarantees in section 45.0532, depending on how the phrase "in a total amount" in that section is construed. Request Letter at 2–4. The first method assumes that section 45.0532 is a limitation on the total amount of charter district bonds that the commissioner may approve each month, not a limitation on the total amount of charter district bonds that the commissioner may approve for guarantee in the cumulative amount. *Id.* at 3. Under the first method, each month the total available capacity for the BGP would be determined by deducting all outstanding guaranteed bonds, whether school district bonds or charter district bonds. *Id.* Then, the percentage based on the number of open-enrollment charter school students compared to all public school students ("charter student ratio") would be applied to the total available capacity to determine the total amount of charter district bonds the commissioner may approve for guarantee that month. *Id.* Using this methodology, charter district bond capacity is calculated for the month without regard to outstanding charter district bond guarantees that were approved in prior months. *Id.* at 3–4. You state that because this method does not establish a cumulative limit for the total amount of charter district bonds that may be guaranteed, over time the cumulative BGP guarantees allocated to charter district bonds could exceed the charter student ratio limitation in section 45.0532. *Id.* at 3.

You state that the second methodology construes section 45.0532 as establishing the maximum limit of BGP capacity available for charter district guarantees. *Id.* This method begins by subtracting all outstanding bonds to determine the total available capacity for the BGP and applies the charter student ratio, but also considers outstanding charter district guarantees to determine the total amount of charter district bonds that may be guaranteed under section 45.0532. *Id.* at 3–4. You ask which methodology is allowable under section 45.0532, specifically whether section 45.0532 should be construed as "a limit on each separate issuance of charter district bond guarantees or whether it represents a maximum limit on the cumulative amount of guaranteed charter district bonds." *Id.* at 1, 5.

Courts construe statutes according to the plain language read in the context of the statutory scheme. *See Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 593 (Tex. 2000). In subsection 45.0532(a), the phrase "in a total amount" refers to "charter district bonds." *See* TEX. EDUC. CODE ANN. § 45.0532(a) (West Supp. 2014). The statute establishes a maximum by broadly prohibiting the commissioner from approving charter district bonds for guarantee in excess of the charter districts' share of the BGP's total available capacity based on the charter student ratio. *See id.* § 45.0532(a). The statute does not specify how often the commissioner must issue approvals and leaves the methodology for complying with the statute to be determined according to SBOE rules. *See id.* § 45.0532(b); *id.* §§ 45.053(d), .0531, .063 (West 2012); 19 TEX. ADMIN. CODE §§ 33.65, .67 (2014). Because the plain language of section 45.0532 broadly limits the "total amount" of charter district bond guarantees that may be approved, not the amount of bond guarantees that may be approved each month, a court would likely construe section 45.0532 as an ongoing limitation on the cumulative amount of charter district bonds that the commissioner may approve for guarantee.[2] A methodology that prevents the commissioner from approving charter district bonds in an amount that would cause the cumulative amount of guaranteed charter district bonds to exceed the charter student ratio would be consistent with the legislative text contained in section 45.0532. Conversely, a methodology that allows the cumulative amount of charter district bonds to exceed the charter student ratio would conflict with the legislative text. There are any number of good policy reasons for the Legislature to treat charter schools the same as other public schools with regard to the bond guarantees. But this matter is one for the Legislature to resolve.

---

[2]A construction of section 45.0532 as a limitation on the cumulative amount of charter district bonds that may be approved would be consistent with the legislative history of the statute. *See* Senate Research Center, Bill Analysis, Tex. S.B. 597, 82nd Leg., R.S. (2011) at 1 (as filed) (stating that "[t]his bill provides that the amount of the guarantee for eligible charters corresponds to the percent of public students enrolled in charters compared to the total number of public school students"); Fiscal Note, Tex. S. B. 597, 82nd Leg., R.S. (2011) at 1 (stating that "[t]he bill would limit the total amount of charter school bonds to be guaranteed to the portion of total available capacity in the PSF school bond guarantee program that is equal to the proportion of charter school enrollment to total enrollment").

## S U M M A R Y

A court would likely conclude that section 45.0532 of the Texas Education Code establishes a maximum limit on the cumulative amount of charter district bonds that may be guaranteed under article VII, section 5(d) of the Texas Constitution.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee